IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WENDY M. B., § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:20-cv-02957-BT | |
| § | | |
| KILOLO KIJAKAZI, ACTING § | | |
| COMMISSIONER OF THE SOCIAL § | | |
| SECURITY ADMINISTRATION,[1] § | | |
| § | | |
| Defendant. § | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Wendy M. B.'s[2] civil action seeking judicial review pursuant to 42 U.S.C. § 405(g) of a final adverse decision by the Commissioner of Social Security. (ECF No. 1). For the reasons explained below, the Court AFFIRMS the Commissioner's decision.

## Background

Plaintiff alleges she is disabled due to a variety of impairments, including a back problem, peripheral neuropathy, anxiety, depression, high blood pressure,

---

[1] Ms. Kijakazi became the Acting Commissioner of Social Security on July 9, 2021, and she is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

[2] The Court uses only Plaintiff's first name and initials as instructed by the May 1, 2018 Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

and high cholesterol. Pl.'s Br. 5 (ECF No. 30); Admin. R. 214 (ECF No. 25-1). She was born in 1981 and was 35 years old on her alleged onset-of-disability date. Admin. R. 31, 51. Plaintiff has a limited education and can communicate in English. *Id.* at 31, 52. She has past work experience as a fast-food shift leader, a caregiver/home attendant, and a composite job comprised of cashier checker and stocker/store laborer. *Id.* at 30-31, 52-54.

On April 24, 2018, Plaintiff applied for disability insurance benefits, and on April 26, 2018, she applied for supplemental security income (collectively, she applied for "disability benefits"). *Id.* at 21, 193-99. In both applications, Plaintiff alleged disability beginning November 1, 2017. *Id.* After her applications for disability benefits were denied initially and on reconsideration by the Commissioner, Plaintiff requested a hearing before an administrative law judge (ALJ) to determine whether she was disabled. *Id.* at 21, 138. The hearing took place on August 23, 2019. *Id.* at 21.

The ALJ determined Plaintiff was not disabled and therefore not entitled to disability benefits. *Id.* at 32. At step one of the five-step sequential evaluation,³ the

---

³ "In evaluating a disability claim, the [ALJ] conducts a five-step sequential analysis to determine whether (1) the [plaintiff] is presently working; (2) the [plaintiff] has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the [plaintiff] from doing past relevant work; and (5) the impairment prevents the [plaintiff] from doing any other substantial gainful activity." *Audler v. Astrue,* 501 F.3d 446, 447-48 (5th Cir. 2007). The plaintiff bears the initial burden of establishing a disability through the first four steps of the analysis; at the fifth step, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the plaintiff can

2

ALJ found Plaintiff had not engaged in substantial gainful activity since November 1, 2017. *Id.* at 23. At steps two and three, the ALJ found Plaintiff had severe impairments of degenerative disc disease of the lumbar spine, neuropathy, obesity, diabetes mellitus, chronic obstructive pulmonary disease, major depressive disorder, generalized anxiety, and attention-deficit hyperactivity disorder, but Plaintiff's impairments, or combination of impairments, did not meet or equal the severity of any listed impairment in the social security regulations. *Id.* at 23-24. At step four, relying on the testimony of a vocational expert, the ALJ found Plaintiff had the residual functional capacity (RFC) to perform light work with certain limitations. *Id.* at 26. The ALJ concluded Plaintiff is not disabled and therefore not entitled to disability benefits. *Id.* at 32.

Plaintiff appealed the ALJ's decision to the Appeals Council. *See id.* at 5. The Council denied review. *Id.* Plaintiff then filed this action in federal district court, in which she contends the ALJ erred in finding her not disabled. Specifically, Plaintiff argues that the ALJ's disability determination and denial of benefits is not supported by substantial evidence. *See* Pl.'s Br. 5.

---

perform. *Id.* at 448; *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citations omitted). A finding that the plaintiff is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Copeland*, 771 F.3d at 923 (citing *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995)); *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987) (citing *Barajas v. Heckler*, 738 F.2d 641, 643 (5th Cir. 1984) (per curiam)).

3

**Legal Standards**

The Court's "review of Social Security disability cases is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the [ALJ] applied the proper legal standard." *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citation and internal quotations omitted). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); see *Copeland*, 771 F.3d at 923 ("Substantial evidence is more than a mere scintilla and less than a preponderance." (citing *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)) (citation and internal quotation marks omitted)).

The ALJ, and not the courts, resolves conflicts in the evidence; thereafter, the Court may not "reweigh the evidence or try the issues de novo." *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam) (citation omitted). Hence, the Court may not substitute its own judgment for the ALJ's, and it may affirm only on the grounds that the ALJ stated to support the administrative decision. *Copeland*, 771 F.3d at 923 (citation omitted).

**Analysis**

Plaintiff argues substantial evidence does not support the ALJ's RFC determination because the ALJ failed to properly assess the opinion evidence in accordance with the prevailing rules and regulations. Pl.'s Br. 5. Specifically, Plaintiff contends the ALJ improperly evaluated the persuasiveness of the medical

4

source opinions of record, thereby failing to create a discernible logical bridge between the evidence and the ALJ's findings. *Id.* at 14.

The ALJ determined that Plaintiff had the RFC to perform light work with some exertional and nonexertional limitations. *See* Admin. R. 26. The exertional limitations included limiting Plaintiff to 4 hours of combined standing or walking in an eight-hour workday and only occasionally climbing ramps, stairs, ladders, ropes, or scaffolds. *Id.* The nonexertional limitations included limiting Plaintiff to simple tasks and instructions and precluding her from performing any fast-paced or production-rate pace work. *Id.* The ALJ determined Plaintiff's RFC "[a]fter careful consideration of the entire record," including the November 9, 2018 medical opinion of psychological consultative examiner Dr. Betty Eitel, Ph.D., and the 2019 records and opinion of Plaintiff's primary-care physician Dr. Maurice Alazar, M.D. *Id.* at 26, 30.

Dr. Eitel opined that Plaintiff "can understand, carry out, and remember instructions for . . . one to two steps . . . cannot sustain concentration or persist in work activity at a 'reasonable pace' . . . [and] cannot maintain effective social interaction . . . or deal with normal pressures in a competitive work setting." *Id.* at 378. The ALJ found Dr. Eitel's opinion unpersuasive because her opinion was only somewhat supported by her one-time examination; inconsistent with the record as a whole, which shows normal mood and affect, whereby Plaintiff is described as "cooperative and pleasant, with intact insight, judgment, and thought process;" inconsistent with Plaintiff's own statements that she is "able to tend to

5

her personal care, care for her children, drive, attend church twice per week, visit with family, and shop in stores;" inconsistent with Plaintiff's presentation at the hearing; and "vague [and] not explained in detail." *Id.* at 30 (citations omitted).

Dr. Alazar opined that Plaintiff was permanently disabled due to a primary disabling diagnosis of [chronic obstructive pulmonary disease] and a secondary disabling diagnosis of neuropathy, could lift no more than zero pounds within an unspecified duration in hours, and was unable to work in an office environment with even little physical strain including seated filing or in a classroom setting. *Id.* at 382-83. The ALJ found Dr. Alazar's opinion unpersuasive because his opinion was "not supported by" his own "treatment records" and "the longitudinal record showing normal musculoskeletal findings, normal cardiovascular and respiratory functioning, normal neurological function, intact sensation, [and] normal strength, range of motion, and sensation." *Id.* at 30 (citing *id.* at 292-323, 345-73).

The ALJ bears the "sole responsibility for determining the [plaintiff's] disability status."[4] *Thibodeaux v. Astrue*, 324 F. App'x 440, 443 (5th Cir. 2009) (citing *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000)). "Determining a [plaintiff's RFC] is the ALJ's responsibility, and [the ALJ] has the authority and duty to weigh the evidence and reach any conclusion supported by substantial evidence." *Gonzales v. Astrue*, 231 F. App'x 322, 324 (5th Cir. 2007) (per curiam).

---

[4] 20 C.F.R. §§ 404.1520c and 416.920c provides instruction for evaluating opinion evidence for claims filed on or after March 27, 2017, like Plaintiff's claim in this case filed on October 25, 2018.

After reviewing the hearing decision and the administrative record, the Court finds Plaintiff has not shown that the ALJ's RFC determination was not supported by substantial evidence. The ALJ properly considered Drs. Eitel and Alazar's opinions and created a discernible logical bridge between the evidence and the ALJ's findings to allow for meaningful judicial review.

When considering medical opinions, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)." 20 C.F.R. §§ 404.1520c(a) & 416.920c(a); *Stephens v. Saul*, 2020 WL 7122860, at *5 (N.D. Tex. Dec. 4, 2020) (Ramirez, J.) (citation omitted); *accord Winston v. Berryhill*, 755 F. App'x 395, 402 n.4 (5th Cir. 2018) (citation omitted). The ALJ must explain the persuasiveness of medical opinions. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). To determine the persuasiveness of each medical opinion, the ALJ considers supportability, consistency, relationship with the plaintiff,[5] specialization, and other factors that tend to support or contradict a medical opinion. *Id.* §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5). The most important factors are supportability and consistency. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2).

---

[5] When the ALJ determines the medical professional's relationship with the plaintiff, the ALJ considers length of treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of treatment relationship, and examining relationship. 20 C.F.R. §§ 404.1520c(c)(3), 416.920c(c)(3).

An ALJ will discuss how he considered the supportability and consistency factors for a medical source's medical opinions in his determination or decision. *Id.* "At a minimum, the ALJ's discussion [of these factors] must give enough reasons to permit meaningful judicial review." *Hubbard v. Comm'r of Soc. Sec.*, 2022 WL 196297, at *4 (N.D. Tex. Jan. 21, 2022) (Ray, J.) (citations omitted). The ALJ may, but is not required to, explain how he considered the remaining factors. *Id.* When a medical source provides multiple medical opinions, the ALJ will articulate how he "considered the medical opinions . . . from that medical source together in a single analysis using the factors," but he is not required to articulate how he considered each medical opinion from one medical source individually. *Id.* §§ 404.1520c(b)(1), 416.920c(b)(1).

"[F]undamentally, the ALJ cannot reject a medical opinion without an explanation." *Kneeland v. Berryhill*, 850 F.3d 749, 759-60 (5th Cir. 2017) (citation and internal quotations omitted); *accord Winston*, 755 F. App'x at 398. In explaining a rejection of a physician's opinion, the ALJ does not have "to state the weight given to each symptom and diagnosis in the administrative record." *Michelle K. M. v. Berryhill*, 2019 WL 1243355, at *13 (N.D. Tex. Mar. 18, 2019). An "ALJ's failure to mention a particular piece of evidence does not necessarily mean that [the ALJ] failed to consider it" when "the ALJ's decision states explicitly that [the ALJ] considered the entire record in [the ALJ's] decision." *Hammond v. Barnhart*, 124 F. App'x 847, 851 (5th Cir. 2005). There is not a "statutorily or

8

judicially imposed obligation for the ALJ to list explicitly all the evidence he takes into account in making his findings." See *Hammond*, 124 F. App'x at 851.

In arriving at his RFC determination in this case, the ALJ explained that he "considered all [Plaintiff's] symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." Admin. R. at 26. The ALJ also considered "the medical opinion[s] and prior administrative medical finding[s]." *Id.* Finally, the ALJ determined the RFC was "supported by the substantiated symptoms, the objective medical evidence, [Plaintiff's] activities of daily living, and the opinions." *Id.* at 30.

Plaintiff, however, contends that the ALJ failed to build a logical bridge between the evidence and his persuasiveness findings because "the ALJ relied on his selective reading of the evidence to support his analysis" of the medical opinions and he "is not permitted to 'pick and choose' only the evidence that supports his determination." *See* Pl.'s Br. 14-15. According to Plaintiff, the ALJ "wholly failed to explain how" the opinions of Drs. Eitel and Alazar were inconsistent with the record," and the ALJ "ignored all of the positive findings to support" the opinions of Drs. Eitel and Alazar. *Id.* at 15. But Plaintiff's "burden is not to highlight evidence contrary to the ALJ's ruling, but to show that there is no substantial evidence supporting the ALJ's decision." *Jones v. Saul*, 2021 WL 2895867, at *5 (N.D. Tex. July 9, 2021) (Ray, J.).

Here, the Court finds and concludes that substantial evidence, as described by the ALJ, supports the ALJ's decision regarding the weight given to Drs. Eitel's

9

and Alazar's opinions. When discussing the persuasiveness of these medical opinions, the ALJ cited to exhibits in the record that he discussed at length to show: 1) that, according to the record as a whole, Plaintiff had a normal mood and affect, whereby Plaintiff was described as cooperative and pleasant, with intact insight, judgment, and thought process, and Plaintiff made conflicting statements that she is able to tend to her personal care, care for her children, drive, attend church twice per week, visit with family, and shop in stores; and 2) that the longitudinal record illustrates normal musculoskeletal findings, normal cardiovascular and respiratory functioning, normal neurological function, intact sensation, and normal strength, range of motion, and sensation. *Id.* at 30; *see id.* at 27-29. Therefore, the ALJ explained the limitations created by other objective and opinion medical evidence, Plaintiff's statement, and other record evidence that was inconsistent with and failed to support the opinions of Drs. Eitel and Alazar. *Compare id.* at 27-29, *with id.* at 30. By citing this evidence and connecting it to the opinions of Drs. Eitel and Alazar, the ALJ adequately considered the supportability and consistency factors that tend to contradict these medical opinions.

Moreover, Plaintiff fails to show why this discussion is insufficient to allow for judicial review. The ALJ thus appropriately considered and resolved conflicts in the evidence, and he built a discernible logical bridge between the persuasiveness of Drs. Eitel's and Alazar's opinions and those opinions' supportability by and consistency with the record as a whole. Accordingly, Plaintiff

10

fails to demonstrate that the ALJ failed to comply with the applicable legal standards and that substantial evidence does not support the ALJ's disability determination.

## Conclusion

Because Plaintiff failed to demonstrate that the ALJ did not comply with the applicable legal standards and that substantial evidence did not support the ALJ's determination that Plaintiff is not disabled within the meaning of the Social Security Act, the Court AFFIRMS the hearing decision in all respects.

**SO ORDERED.**

July 11, 2022.

                              REBECCA RUTHERFORD
                              UNITED STATES MAGISTRATE JUDGE